# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MERRILL DeJOHN CARTER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-12-32-R |
| | ) |
| **OKLAHOMA STATE of, et al.,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeing a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On May 15, 2012, Judge Roberts issued a Report and Recommendation wherein she recommended that the Respondent's motion to dismiss be granted, and that the petition be dismissed as untimely. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review of those recommendations to which Petitioner makes specific objection.

Petitioner and Respondent agree with regard to the following dates: the deadline for Petitioner to file his habeas corpus petition under the AEPDA without tolling was September 12, 2011; the statute of limitations period was tolled from September 2 until December 20, 2011; without additional tolling the date for filing his habeas corpus petition was December 30, 2011; and Petitioner filed his petition, January 10, 2012. The disagreement between the parties is whether Petitioner is entitled to additional tolling pursuant to 28 U.S.C. §

2244(d)(1)(B), because the State, specifically the Oklahoma Court of Criminal Appeals and the Department of Corrections, created an impediment to timely filing of his petition. Petitioner contends that the Oklahoma Court of Criminal Appeals sent the order denying post-conviction relief to the Clara Waters Community Correctional Center, Petitioner's "host facility," when he was actually residing at the Oklahoma Halfway House. Petitioner contends he did not receive a copy of the December 20, 2011 order until December 30, 2011, his deadline for filing the instant petition. He contends the delay caused by the mailing of the denial order to Clara Waters for forwarding to him was a state-created impediment to timely filing, and that as a result, he is entitled to tolling of the period between December 20, 2011 and December 30, 2011, which would render his January 10, 2012 filing timely.

Judge Roberts concluded Petitioner was not entitled to tolling under this provision because he became aware on December 28, 2011 that an order had been entered by the Oklahoma Court of Criminal Appeals on December 20, 2011, but not yet received by him. He says a copy was mailed to his correct address on December 29, 2011 and received the next day, and in response to the Report and Recommendation he contends for the first time that the mail did not arrive on December 30, 2011 until after 5:00 p.m., too late to prepare his federal habeas corpus petition.[1]

---

[1] Petitioner represents to the Court in response to the motion to dismiss that he became aware of the Oklahoma Court of Criminal Appeals' order on December 29, 2011. Contrary to this representation is an exhibit Petitioner included with his response to the motion. In a Request to Staff dated December 21, 2011, Petitioner stated "I have an Order, which was sent to Clara Waters on December 20, 2011 from Oklahoma Court of Criminal Appeals., I have 10 days to respond from the order of the (dated 12-20-2011) court and need for you to immediately forward this legal mail as soon as possible please so I may fulfill my legal
(continued...)

The Court need not consider whether Petitioner is entitled to statutory tolling, because even if the Court assumes Petitioner was entitled to toll the remainder of his one year statute of limitations period until December 30, 2011, his petition filed herein eleven days later was untimely by one day. Petitioner admits he had ten days remaining when he first sought post-conviction relief in state court. Assuming tolling until December 30, 2011, this ten-day period expired on January 9, 2012. Petitioner does not argue he is entitled to any additional tolling, *i.e.* equitable tolling, and the Court agrees with the Report and Recommendation that he is not entitled to such tolling, and thus his petition was untimely by one day.[2]

The Court rejects Petitioner's contention that Respondent's motion to dismiss was untimely. The Court ordered a motion to dismiss within thirty days of February 3, 2012. February has twenty-nine days in 2012, and the thirty days from February 3, 2012 was Saturday March 3, 2012. When a deadline falls on a Saturday, the filing is due the next business day, in this case, Monday March 5, 2012, when the motion to dismiss was timely filed.

For the reasons set forth herein, the Court hereby adopts the Report and Recommendation with regard to the dismissal of the petition as untimely. Judgment shall be entered accordingly.

---

[1](...continued)
obligations." The Request to Staff contains no response. Accordingly, Petitioner was aware of the existence of the order well before December 30, 2011, although perhaps not aware of the specific contents thereof.

[2] Petitioner had previously raised an issue regarding his access to a statement of his financial affairs and the inability to timely obtain such in support of his application to proceed *in forma pauperis*. Petitioner did not raise this issue in his objection to the Report and Recommendation and as a result the Court is not obligated to consider this issue.

IT IS SO ORDERED this 31st day of May, 2012.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE